## ORPHANS' COURT OF BALTI-MORE CITY

Filed June 14, 1892.

IN THE MATTER OF THE ESTATE OF LEAH WHITTAKER.

*Michael A. Mullin* for petitioners.

*Benzinger* & *Calwell* and *Milton W. Audou,* for the bank.

LINDSAY, GANS and EDWARDS, J.J.—

This matter comes before the Court by petition of Mary Remington, praying that an entry in the signature book of the Metropolitan Savings Bank of Baltimore under the heading, "name of person to whom, in the event of absence from the city or death, the money shall be paid, unless otherwise disposed of," in which her name appears, with one witness be admitted to probate as a codicil to the last will and testament of said Leah Whittaker.

The petition was fully answered by the Metropolitan Savings Bank, and Jeremiah Cohler and others of the heirs-at-law of said Leah Whittaker denying said entry to be a codicil as alleged, because of defective execution, and being, therefore, null and void.

After hearing the testimony in the case and the arguments of the respective counsel, and a careful examina· tion of the law bearing thereon, the Court is of the opinion that the said entry in the signature book of the above mentioned bank does not constitute a valid codicil to the said will of Leah Whittaker.

Previously to 1884, any paper writing proven to have been written by and expressing the intention of testator or testatrix, could be admitted to probate as a will or codicil.

In that year an act was passed requiring certain formalities to be observed in the proper execution of wills, disposing of personal estate, namely: They must be in writing, signed by the party, or by some other person therefor, and attested and subscribed in the presence of the said testator by *two*

or more credible witnesses, but exempting from its application such wills as had been executed prior to August 1, 1884. But in the codification of the laws then enacted, the section making this exemption was omitted, the effect of which was to bring all wills under the provisions of the said act requiring the express formalities above recited, where the death of the testator should occur during the period when such omission was in existence. See decision of the · Court of Appeals in the case of "The Trustees of the Western Maryland College vs. McKinstry," of recent date.

The legislature of 1892, at its recent session, passed an act supplying the omission from the law of 1884, but as no law can be retroactive, unless by express declaration in the act itself, it follows that it does not affect the case under consideration, as Mrs. Whittaker died in 1891, before its enactment.

The entry which is here alleged to be a codicil is defective in that it contains but a single witness, and is therefore void.

Therefore it is this 11th day of June, 1892, ordered by the Orphans' Court of Baltimore City, that the petition be, and the same is hereby dismissed with costs.